IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARTIN E. BURKE,                      )
                                      )
            Plaintiff,                )
                                      )
     v.                               )     No. 05-4213-CV-C-SOW
                                      )
DR. ALICIA THOMPSON, et al.,          )
                                      )
            Defendants.               )

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

    Plaintiff was granted leave to proceed in forma pauperis on July 29, 2005, on the claims in his complaint that he is being involuntarily medicated against his will with psychotropic medications which, he alleges, are causing him to become suicidal. In conjunction with his complaint, plaintiff filed a motion for immediate injunctive relief from forced psychotropic medications that cause him to become suicidal. Defendants were ordered to show cause why plaintiff's motion should not be granted. Defendants filed their response on August 23, 2005, and plaintiff has filed a reply.

    Although the federal courts have broad power to grant or deny equitable relief in a civil rights action, *Holt v. Sarver*, 442 F.2d 304 (8th Cir. 1971), a "large degree of discretion is vested in the trial court" in determining whether an injunction should issue. *American Home Investment Co. v. Bedel*, 525 F.2d 1022, 1023 (8th Cir. 1975), *cited with approval in Rittmiller v. Blex Oil, Inc.*, 624 F.2d 857 (8th Cir. 1980). *See also Cole v. Benson*, 760 F.2d 226 (8th Cir. 1985), *cert. denied*, 474 U.S. 921 (1985). In *Dataphase Systems, Inc. v. C.L. Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981), the court delineated the factors to be considered in ruling a motion for preliminary injunctive relief.

> Whether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the plaintiff; (2) the state of balance between such harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that plaintiff will succeed on the merits; and (4) the public interest.

*Id.* at 113. Further, "[t]he dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently-existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting *Holiday Inns of America, Inc. v. B. & B. Corp.*, 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." *Dataphase*, 640 F.2d at 113. The burden of proof is on the party seeking injunctive relief. *United States v. Dorgan*, 522 F.2d 969, 973 (8th Cir. 1975).

Additionally, "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470 (8th Cir. 1994).

The information provided by defendants in response to plaintiff's motion for preliminary injunctive relief, via the affidavit of plaintiff's treating physician, provides that plaintiff is diagnosed with schizophrenia, paranoid type; antisocial personality disorder; delusional disorder; delusional disorder, persecutory type by history; and methamphetamine abuse by history; and that plaintiff is currently taking medications under a forced-medication order. The affidavit further provides that plaintiff has a history of verbal intimidation and physical aggression and that if he ceases to take the medications prescribed to him, he will be dangerous to himself and others and, thus, the forced-medication order is in the best interests of plaintiff, as well as the staff and other patients at Fulton State Hospital.

The documents provided by plaintiff indicate that the State of Missouri is currently in the process of reviewing plaintiff's criminal charges and mental capacity to proceed on such charges. It appears the state is in the process of making a final determination that plaintiff will not regain mental fitness to proceed on his pending 1993 criminal charges out of Clay County, Missouri, and that a guardianship has been recommended on plaintiff's behalf.

Upon review of the affidavit submitted by plaintiff's treating physician at Fulton State Hospital, along with the documents submitted by plaintiff relating to the state seeking appointment of a guardian for plaintiff in the near future, the court finds that preliminary injunctive relief should be denied because it appears there is a state court order in place regarding plaintiff's forced psychotropic medication, although that is not completely clear at this time. In light of the fact that the state may be exercising jurisdiction over plaintiff's psychological care, it is inappropriate for this court to issue preliminary injunctive relief.

Nonetheless, in light of the serious nature of plaintiff's allegations, the court will schedule a telephone conference with the parties to discuss issues as to whether the state has continuing jurisdiction over plaintiff's psychological treatment and whether plaintiff has a guardian.

IT IS, THEREFORE, RECOMMENDED that plaintiff's motion for preliminary injunctive relief as to his claims of forced medication of psychotropic drugs be denied [4].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 28th day of September, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge