IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

MARTIN E. BURKE,                )
                                )
            Plaintiff,          )
                                )
        v.                      )   No. 05-4213-CV-C-SOW
                                )
DR. ALICIA THOMPSON, et al.,    )
                                )
            Defendants.         )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On November 29, 2005, defendants filed a motion to dismiss plaintiff's apparent claims that he is wrongly committed to Fulton State Hospital and is being forced to take psychotropic medications against his will, causing him to become suicidal. Plaintiff has filed objections.

"[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. *Hishon v. King and Spalding*, 467 U.S. 69, 73 (1984); *Kohl v. Casson*, 5 F.3d 1141, 1148 (8th Cir. 1993).

It is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts. *See Burford v. Sun Oil Co.*, 319 U.S. 315, 332 (1943). The court may abstain when there is a pending state court proceeding involving the same subject matter. *Amdur v. Lizars*, 372 F.2d 103 (4th Cir. 1967); Annotation, *Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court*, 5 A.L.R. Fed. 10

(1967). This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4247 (1988), such as state criminal, administrative and family law matters. *Ankenbrandt v. Richards*, 504 U.S. 689 (1992). *See also Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); *Ronwin v. Dunham*, 818 F.2d 675 (8th Cir. 1987). This is known as the abstention doctrine and is followed in the federal court system today. *See also Younger v. Harris*, 401 U.S. 37, 46 (1971).

In the instant case, the State of Missouri is currently in the process of reviewing plaintiff's Clay County criminal charges and mental capacity to proceed on such charges. A review of the Seventh Judicial Circuit of Missouri proceedings indicates that a pretrial evaluation was filed with that court on June 23, 2005, finding plaintiff would not regain mental fitness to proceed on his pending 1993 criminal charges out of Clay County, Missouri, and recommending appointment of a guardian on plaintiff's behalf. Since that report was filed, the cause was set for hearing on December 2, 2005, at which plaintiff was to appear in person. Such hearing provides plaintiff an opportunity to seek review of his commitment and treatment at Fulton State Hospital.

Therefore, because the Seventh Judicial Circuit of Missouri clearly has ongoing state proceedings with regard to plaintiff's commitment to Fulton State Hospital and his corresponding treatment, plaintiff's complaint should be dismissed on abstention grounds.

Plaintiff has filed numerous motions with the court, seeking to amend, for preliminary injunctive relief, for mental examination, for FBI investigation, for appointment of a federally approved psychiatrist, for subpoena of records, to produce, for counsel, for hearing, and for placement in the federal witness protection program. In light of this court's recommendation of dismissal, plaintiff's remaining motions should be denied, without prejudice. The court notes that plaintiff's numerous motions to amend fail to add relevant claims to his complaint and, in fact, appear to attempt to add fanciful allegations. Claims included with plaintiff's motions to amend include allegations of governmental conspiracy and his involvement as a FBI informant, his ESP abilities, and numerous other related

claims. Thus, although this court has reviewed such motions, the court recommends such motions, of which there are in excess of ten, be denied.

IT IS, THEREFORE, RECOMMENDED that defendants' motion to dismiss be granted and plaintiff's claims be dismissed on abstention grounds [58]. It is further

RECOMMENDED that all further motions be denied, without prejudice [10, 14, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 35, 36, 38. 49, 50, 52, 53, 54, 55, 56, 57].

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. *See Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986) (citing *Thomas v. Arn*, 474 U.S. 140 (1985)); *Messimer v. Lockhart*, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 19th day of December, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3